**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JONATHAN D. MOYER,**

*Plaintiff,*

v.

**B. WINGFIELD,**

*Defendant.*

CAUSE NO. 3:24-CV-696-CWR-ASH

**ORDER**

Mr. Moyer filed a petition under 28 U.S.C. § 2241 on November 11, 2024. Docket No. 1. Therein, he challenged the Bureau of Prisons' application of jail-time credits.[1] Magistrate Judge Harris filed his Report and Recommendation on October 1, 2025, recommending that the petition be denied and this matter dismissed without prejudice for failure to exhaust. Docket No. 12. Mr. Moyer filed objections to Judge Harris's Report and Recommendation on November 12, 2025. Docket No. 14. The Court now considers the objections Mr. Moyer lodged.

Magistrate Judge Harris correctly concluded that Mr. Moyer failed to exhaust his administrative remedies prior to filing this action. As Judge Harris noted, "Moyer does not dispute that he has failed to exhaust." Docket No. 12 at 4 (citing Docket No. 2 at 2–3 ("I concede that I have not fully completed the BOP's exhaustive, complicated 4 step administrative remedy process.")). Instead, Mr. Moyer argued that pursuing exhaustion

---

[1] In his objections to Magistrate Judge Haris's Report and Recommendation, Mr. Moyer claims that he "was not challenging the Bureau of Prisons' application of jail-time credits," Docket No 14 at 1, but a reading of his petition plainly states otherwise. *See* Docket No. 1 at 2 ("BOP and its Administrative Staff did not apply my Earned First Step Act Time Credits").

1

would be futile. *Id.* Judge Harris identified the standard for determining whether the futility exception to the exhaustion requirement applies, and he determined that Mr. Moyer failed to demonstrate the presence of extraordinary circumstances necessary for application of the futility exception. *Id.*

In his objections, Mr. Moyer rehashes his assertion that the exhaustion of administrative remedies would be futile in his case. He does not, however, demonstrate the presence of any extraordinary circumstances that would excuse his failure to exhaust. His arguments mirror those made prior to the Report and Recommendation and considered by Judge Harris therein. Mr. Moyer does not base his argument on any information that would have been unavailable to him prior to the issuance of the Report and Recommendation. He fails to meet his burden.

For these reasons, the objection is overruled, and the Report and Recommendation is adopted as this Court's own findings. A separate Final Judgment shall issue.

**SO ORDERED**, this the 25th day of June 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

2